09-0572-ag
Li v. Holder

BIA
Weisel, IJ
A098 905 763

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:
RALPH K. WINTER,
JOSÉ A. CABRANES,
GERARD E. LYNCH,
        *Circuit Judges.*

_____

YONG QIN LI,
        *Petitioner*,

        v.                                09-0572-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
        *Respondent.*

_____

FOR PETITIONER:        Yong Qin Li, *pro se*, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Senior Litigation Counsel, Office of Immigration Litigation; Kristin K. Edison, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yong Qin Li, a native and citizen of the People's Republic of China, seeks review of a January 28, 2009, order of the BIA affirming the December 14, 2006, decision of Immigration Judge ("IJ") Robert D. Weisel denying Li's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yong Qin Li*, No. A098 905 763 (B.I.A. Jan. 28, 2009), *aff'g* No. A098 905 763 (Immig. Ct. N.Y. City Dec. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

**I.  CAT Relief**

As the government argues, although Li sets forth the

2

standard for CAT relief in his *pro se* brief before this Court, even construing that brief broadly, *see Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir. 2007), he does not challenge the basis for the agency's denial of his request for CAT relief.  Accordingly, we deem any such challenge waived.  *See Yueqing Zheng v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

**II.  Withholding of Removal**

In the absence of past persecution, an alien can demonstrate eligibility for withholding of removal if he can show that it is more likely than not he would face persecution on account of a protected ground.  8 C.F.R. § 1208.16(b)(2).  The agency reasonably found that Li failed to make this showing, because he did not demonstrate a clear probability that authorities in China were either aware of his activities on behalf of the Chinese Democratic Party ("CDP") or likely to become aware of such activities.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).[*]

---

[*] As the government argues in its brief, Li waives any challenge to the IJ's finding that he failed to establish either past persecution or a likelihood of future persecution based on his religion.  *See Yueqing*, 426 F.3d at 545 n.7.  We are not persuaded, however, by the government's argument that Li failed to exhaust his

3

Before this Court, Li argues that the agency failed to appropriately analyze his claim under the framework articulated in *Hongsheng Leng* because the BIA "did not expressly rule whether it would be likely or not that the Chinese authorities would be aware of [his] activities." However, the IJ explicitly addressed this issue, and under such circumstances, the BIA is not required to supplement the IJ's analysis. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007); *see also* 8 C.F.R. § 1003.1(e)(4). Similarly, Li's argument that the IJ failed to consider evidence that he is a member of the CDP is unavailing, as the IJ assumed the credibility of Li's testimony that Chinese officials photographed him protesting in front of the Chinese consulate. Because the agency's finding that Li failed to meet his burden of proof for withholding of removal is supported by the record, we need not reach Li's challenge to the IJ's adverse credibility determination.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

challenge to the IJ's denial of relief based on his political beliefs.

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk